UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GERARD KELLY,

                                   **Plaintiff,**        Docket No.: 18-cv-4334

                -against-                              **ANSWER TO THE COMPLAINT**

INCORPORATED VILLAGE OF GARDEN CITY,

                                   **Defendant.**
-------------------------------------------------------------------X

        Defendant, **INCORPORATED VILLAGE OF GARDEN CITY** (hereinafter, "Defendant"), by its attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, answers Plaintiff GERARD KELLY's Complaint as follows:

## INTRODUCTION

1. Denies the truth of the allegations in Paragraph "1" of the Complaint.

2. Denies the truth of the allegations in Paragraph "2" of the Complaint.

3. Denies the truth of the allegations in Paragraph "3" of the Complaint.

4. Denies the truth of the allegations in Paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5. Denies the truth of the allegations contained in Paragraph "5" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

6. Denies the truth of the allegations contained in Paragraph "6" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

## PARTIES

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.  Denies the truth of the allegations contained in Paragraph "8" of the Complaint.

## FACTS

9.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Denies the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Denies the truth of the allegations contained in Paragraph "11" of the Complaint.

12. Denies the truth of the allegations contained in Paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in Paragraph "13" of the Complaint.

14. Denies the truth of the allegations contained in Paragraph "14" of the Complaint.

15. Denies the truth of the allegations contained in Paragraph "15" of the Complaint.

16. Denies the truth of the allegations contained in Paragraph "16" of the Complaint.

17. Denies the truth of the allegations contained in Paragraph "17" of the Complaint.

18. Denies the truth of the allegations contained in Paragraph "18" of the Complaint.

19. Denies the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Denies the truth of the allegations contained in Paragraph "20" of the Complaint.

21. Denies the truth of the allegations contained in Paragraph "21" of the Complaint.

22. Denies the truth of the allegations contained in Paragraph "22" of the Complaint.

## CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

23. Answering Defendant reiterates and realleges each and every response set forth in Paragraphs "1" through "22" of the Answer to the Complaint, with the same force and effect as though fully set forth herein.

24. Denies the truth of the allegations contained in Paragraph "24" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

25. Denies the truth of the allegations contained in Paragraph "25" of the Complaint.

26. Denies the truth of the allegations contained in Paragraph "26" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

27. Denies the truth of the allegations contained in Paragraph "27" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

28. Denies the truth of the allegations contained in Paragraph "28" of the Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

29. Denies the truth of the allegations contained in Paragraph "29" of the Complaint.

30. Denies the truth of the allegations contained in Paragraph "30" of the Complaint.

31. Denies the truth of the allegations contained in Paragraph "31" of the Complaint.

32. Denies the truth of the allegations contained in Paragraph "32" of the Complaint.

33. Denies the truth of the allegations contained in Paragraph "33" of the Complaint.

34. Denies the truth of the allegations contained in Paragraph "34" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. Plaintiff fails to state a cause of action against the Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. Plaintiff's constitutional and statutory rights have not been violated by the Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Punitive damages cannot be recovered against the Defendant as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39. The actions complained of were in full accord with the applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff is not disabled within the meaning of the ADA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41. If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the Defendant contributing thereto.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendant, such recovery should be reduced and diminished in proportion to the degree of liability of Plaintiff in contributing to such damages due to his own conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43. Defendant granted Plaintiff reasonable accommodations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

44. Plaintiff's accommodation requests posed an undue hardship to Defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

45. Defendant, at all applicable times herein, enjoyed a full or partial immunity from civil suit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

46. Defendant, and all employees of the INCORPORATED VILLAGE OF GARDEN CITY, at all applicable times herein, acted in performance of their duties, as employees of the INCORPORATED VILLAGE OF GARDEN CITY in good faith and without malice and their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and therefore, said acts are immune from civil liability.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff lacks standing to assert the claims contained in the Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

48.     The accommodation allegedly requested by Plaintiff constitutes a fundamental alteration.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

49.     Plaintiff failed to mitigate his damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims must be dismissed because Plaintiff failed to avoid the harm alleged.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

51.     The claims must be dismissed because Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims and request for equitable relief are barred by the doctrines of acquiescence, consent, estoppel, waiver, and laches.

**WHEREFORE**, the Defendant, INCORPORATED VILLAGE OF GARDEN CITY, respectfully requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of defending this Action, and for such other and further relief as this Court deems just and proper.

\* \* \* \* \*

Dated: Mineola, New York
October 18, 2018

                                      Respectfully submitted,

                                      BEE READY FISHBEIN HATTER & DONOVAN, LLP

                      By: _____
                                      Deanna D. Panico
                                      *Attorneys for Defendant*
                                      170 Old Country Road
                                      Mineola, New York 11501
                                      Tel.: (516) 746-5599
                                      Fax No.: (516) 746-1045
                                      dpanico@beereadylaw.com
                                      Our File No.  6821-1818


TO:    COVINGTON & BURLING LLP
         *Attorneys for Plaintiff*
         The New York times Building
         620 Eighth Avenue
         New York, NY 10018-1405
         Attn: Teresa Lewi, Esq.
         Tel.: (212) 841-1000
         Dluttinger@cov.com
         tlewi@cov.com