IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                                         :
GERARD KELLY,                                            :
                                                         :
                        Plaintiff,                       :
                                                         :    Case No. 18–cv–4334
                v.                                       :
                                                         :
INCORPORATED VILLAGE OF GARDEN                           :
CITY,                                                    :
                                                         :
                        Defendant.                       :
-------------------------------------------------------- x
```

**PLAINTIFF GERARD KELLY'S REPORT PURSUANT TO FED. R. CIV. P. 26**

The parties held a conference pursuant to Federal Rule of Civil Procedure 26(f) on November 8, 2018. Counsel for Mr. Kelly provided counsel for Garden City with a proposed Joint Report Pursuant to Fed. R. Civ. P. 26 ("Joint Report") on November 13, and requested that Garden City advise of any additions or revisions to the Joint Report. On November 16, counsel for Garden City informed Mr. Kelly's counsel by e-mail that Garden City would not jointly file the proposed report under Rule 26(f). On November 21, counsel for Garden City informed Mr. Kelly's counsel that Garden City was willing to join in an abbreviated version of this report, and on the same day Mr. Kelly's counsel provided a revised report that removed the sections Garden City objected to. Garden City did not provide its consent to that revised report in time to allow its timely submission, within 14 days of the parties' initial conference. Therefore, pursuant to Rule 26(f), Plaintiff Gerard Kelly submits the following report, which describes the claims asserted in this action and sets forth the parties' views and proposals concerning discovery.

**I.      BRIEF DESCRIPTION OF THE ACTION**

      **A.      Mr. Kelly's Statement of the Case**

Plaintiff Gerard Kelly ("Mr. Kelly"), a qualified person with a disability, brings this civil rights action because the Incorporated Village of Garden City ("Garden City") has discriminated

against him on the basis of his disability by denying him equal access to (a) public on-street parking along Seventh Street in the heart of Garden City's commercial district ("Seventh Street"), as well as (b) public parking lots located north and south of Seventh Street ("Lots 7N and 7S"), in violation of Title II of the Americans with Disabilities Act (the "ADA"). In fact, in September 2017, Garden City's consultant VHB Engineering, Surveying and Landscape Architecture, P.C. ("VHB") issued a report that informed Garden City that the handicapped designated spots in Lots 7N and 7S were not compliant with the ADA. In the fourteen months since that report was issued, Garden City has taken no steps to make either Lot 7N or Lot 7S ADA-compliant.

Garden City has control over Seventh Street, the public parking along Seventh Street, and the parking Lots 7N and 7S. Garden City allows individuals to utilize these public parking spaces on a first-come, first-served basis.

Mr. Kelly has a disability that substantially impairs his ability to walk. As a result, Mr. Kelly has asked Garden City to designate three handicapped on-street parking spaces along Seventh Street by painting a section of the curb blue and installing a handicapped parking sign. Mr. Kelly has also asked Garden City to make Lots 7N and 7S compliant with the ADA. Garden City denied both of Mr. Kelly's requests.

Title II of the ADA applies to municipalities such as Garden City. Title II of the ADA requires Garden City to make reasonable modifications, such as designating on-street handicapped parking, to accommodate people like Mr. Kelly who have a disability that inhibits their ability to access the services, programs or activities that Garden City offers and makes accessing such service, program or activity unfeasible or at least substantially more difficult for the disabled person than it is for a person who does not suffer from a disability. Indeed, courts have held that municipalities violate the Title II by refusing to designate handicapped on-street parking spaces for people with disabilities. *See Fortyune v. City of Lomita*, 766 F.3d 1098 (9th Cir. 2014);

*Bassilios v. City of Torrance, Calif.*, 166 F. Supp. 3d 1061 (C.D. Cal. 2015). Garden City's refusal of Mr. Kelly's requests violates the ADA and thwarts Congress's long-standing efforts to eradicate discrimination against people with disabilities.

### B. Procedural Posture

Mr. Kelly commenced this action by filing his Complaint on July 31, 2018. (Dkt. No. 1.)

On September 7, 2018, the Clerk of the Court issued a Certificate of Default, noting that Garden City had not filed an answer or pre-answer motion by the deadline specified in the Federal Rules of Civil Procedure. (Dkt. No. 7.)

On September 19, 2018, counsel for Garden City, with consent of counsel for Mr. Kelly, filed a Request to Vacate Default, which set a deadline for responding to Mr. Kelly's Complaint to October 19, 2018. (Dkt. No. 10.)

Garden City filed its Answer on October 18, 2018. (Dkt. No. 12.) By letter dated November 2, 2018, counsel for Mr. Kelly contended that the Answer was deficient due to Garden City's improper denials and assertion of baseless affirmative defenses. On November 8, counsel for the parties conferred telephonically, pursuant to Federal Rule of Civil Procedure Rule 26(f), to discuss Garden City's Answer, a discovery plan for the parties, and any potential for settlement of this lawsuit. During the conference, Garden City agreed to amend its Answer by November 22, 2018 (two weeks from the date of the Rule 26(f) conference) to address Mr. Kelly's concerns.

The parties are scheduled to appear before Magistrate Judge Lindsay for an initial conference on November 28, 2018, at 1:40 p.m. (Dkt. No. 13.)

## II. INITIAL DISCLOSURES

Pursuant to Rule 26(a), the parties are required to exchange initial disclosures by November 22, 2018. Plaintiff served his initial disclosures on counsel for Defendant by First Class mail and

3

by electronic mail on November 21, 2018. The parties do not anticipate a need to modify the form or requirement of the disclosures.

**III.     SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED / DISCOVERY PHASES**

During the parties' November 8, 2018 Rule 26(f) conference, counsel for Garden City indicated that the only defense that it was currently aware of and intending to assert related to whether Mr. Kelly's disability qualified him as "disabled" under the ADA.  In addition to any topics listed by Garden City that Mr. Kelly deems relevant or otherwise necessary to explore in discovery, Mr. Kelly intends to take discovery on the following matters, among other things: (a) facts known to Garden City concerning work done on Seventh Street and Lots 7N and 7S, including paving, maintenance, refurbishment, and construction done on any date on or after January 1, 1992; (b) Garden City's financial condition, including capital funds, assets, revenue, and expenses; (c) Garden City's efforts to make reasonable modifications to policies, practices, and procedures to avoid discrimination against individuals with disabilities, including any self-evaluations for compliance under the ADA; (d) Garden's City's transition plan and implementation for compliance with the ADA and training of Garden City employees on the requirements of disability rights laws, including the ADA; (e) engineering and consulting reports concerning Seventh Street, Lots 7N and 7S, and Garden City's compliance with the ADA; (f) the specific locations where Garden City has designated on-street handicapped parking spaces and the decision-making process leading up to such designations; (g) Garden City's knowledge of Mr. Kelly's requests for handicapped parking spaces along Seventh Street; (h) communications to, from, and among Garden City representatives and employees and outside parties regarding on-street handicapped parking spaces along Seventh Street and in other areas of Garden City; (i) projected expenses associated with designating handicapped parking spaces along Seventh Street;

(j) actual expenses incurred by Garden City to designate on street handicapped in other areas in Garden City; and (k) the decision to deny Mr. Kelly's request for handicapped parking.

## IV.   LIMITATIONS ON DISCOVERY

### 1.   Depositions

The parties propose that depositions be governed by Federal Rule of Civil Procedure 30.  The parties additionally propose that interrogatories be governed by Federal Rule of Civil Procedure 33.  The parties reserve the right to seek leave of the Court for additional discovery.

### 2.   Discovery Schedule

In its Proposed Scheduling Order (Dkt. No. 13-1), the Court set a deadline of May 28, 2019 for the completion of all discovery.  Mr. Kelly requests a short extension of this deadline to account for the likelihood that his counsel of record will be participating in a trial on another matter beginning in January 2019.  Mr. Kelly proposes that the deadline to complete discovery be extended from May 28, 2019 to July 1, 2019.

## V.   ELECTRONICALLY STORED INFORMATION

The parties have discussed the preservation and production of electronically stored information and have agreed to meet and confer further concerning the form and manner in which electronic documents should be collected and produced, including (without limitation) the use of search terms, custodian lists, formatting of electronic documents, and the extent to which metadata must be produced.

## VI.   EXPERT TESTIMONY

The parties will meet and confer to discuss how material exchanged between counsel and any expert witness will be treated and whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained.

## VII. PRIVILEGE CLAIMS

The parties are not aware of issues concerning privilege or protection of trial preparation materials that require the Court's attention except they agree, in accordance with Federal Rule of Evidence 502, that inadvertent disclosure of matters protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of privilege.

## VIII. PROTECTIVE ORDERS

Mr. Kelly's counsel has sent defendant's counsel a proposed protective order and the parties have agreed to meet and confer further in advance of submitting a confidentiality agreement to the Court for approval.

New York, New York
November 23, 2018

Respectfully submitted,

By:   s/ David A. Luttinger
David A. Luttinger, Jr.
Teresa Lewi
Swati Prakash

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
dluttinger@cov.com
tlewi@cov.com
sprakash@cov.com

*Counsel for Plaintiff Gerard Kelly*