**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GERARD KELLY,

Plaintiff,

v.

INCORPORATED VILLAGE OF GARDEN CITY,

Defendant

Case No. 18-cv-4334(JS)(ARL)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

WHEREAS, Plaintiff Gerard Kelly ("Kelly") has alleged that he is a resident of Defendant The Incorporated Village of Garden City ("Garden City") (collectively, the "Parties") and suffers from multiple sclerosis, which has caused him to become disabled within the current meaning of the federal Americans with Disabilities Act; and

WHEREAS, Kelly alleges he frequently visits the commercial center of Garden City that is located on Seventh Street, between Hilton Avenue and Franklin Avenue ("Seventh Street Commercial Center"); and

WHEREAS, there are two municipal parking lots adjacent to the Seventh Street Commercial Center, one of which is located north of Seventh Street ("Lot 7N") and the other located south of Seventh Street ("Lot 7S"), both of which are owned and regulated by Garden City, as well as publicly available parking on Seventh Street itself; and

WHEREAS, there are currently no parking spaces specifically reserved for people with disabilities on Seventh Street within the Seventh Street Commercial Center; and

WHEREAS, Lot 7N and Lot 7S contain certain parking spaces that are reserved for people with disabilities; and

WHEREAS, Kelly alleges that under the Americans with Disabilities Act ("ADA") and related regulations (collectively "the Laws"), Garden City is required to designate and reserve "on-street" parking spaces in the Seventh Street Commercial Center for people with disabilities; and

WHEREAS, Garden City believes that Lot 7N and Lot 7S provides meaningful access to the Seventh Street Commercial Center which is compliant with the Laws and it was and is not required under the Laws to reserve and/or designate on-street parking spaces specifically on Seventh Street for people with disabilities; and

WHEREAS, in accordance with his beliefs, Kelly commenced the above-captioned action against Garden City by filing a Complaint for Injunctive Relief dated July 31, 2018 (the "Lawsuit"); and

WHEREAS, the Lawsuit seeks injunctive relief compelling Garden City to comply with the Laws by, *inter alia*, (1) reserving and/or designating three parking spaces for people with disabilities on Seventh Street between Hilton Avenue and Franklin Avenue, and (2) remedying certain other claimed violations of the Laws in Lot 7N and Lot 7S; and

WHEREAS, Garden City has and continues to deny the material allegations of the Complaint; and

WHEREAS, the Parties are interested in resolving the Lawsuit and have negotiated in good faith for that purpose; and

WHEREAS, the Parties have entered into this agreement solely for the purposes of avoiding the uncertainties, burdens and expenses of further litigation and neither Party admits any wrongdoing or any issue of fact, causation, responsibility, liability or fault; and

WHEREAS, none of the parties to the Lawsuit is an infant or incompetent person; and

WHEREAS, the parties to the Lawsuit wish to discontinue and settle the litigation and all related claims in full; and

**NOW THEREFORE,** IT IS HEREBY STIPULATED AND AGREED by and between the Parties as follows:

1. Within 90 days of the date in which this Stipulation of Settlement and Order of Dismissal is "So-Ordered" by the Court (the "Effective Date"), Garden City will cause to be taken the actions at the "on-street" parking spaces in the Seventh Street Commercial Center set forth in Exhibit "1" to this Agreement, Nos. 1-5. Nothing contained in this Stipulation of Settlement and Order of Dismissal shall require Garden City to modify the crown or grade of roadway along Seventh Street.

2. Within 8 months of the Effective Date, Garden City will also cause to be taken actions at Lot 7N and Lot 7S set forth in Exhibit "1" to this Agreement, Nos. 6-9.

3. In consideration of the actions stated in Paragraphs 1 and 2, Kelly agrees, on behalf of himself and all current and future heirs, agents, representatives, successors and assigns, to release and forever discharge Garden City, including its present or former agents, trustees, directors, officers, employees, representatives, insurers, attorneys, successors and assigns ("Releasees"), or any of them, from any and all charges, complaints, claims (including claims in small claims court), liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, that Kelly may have, own or hold against Garden City and each or any of the Releasees arising out of any act or occurrence prior to or on the date of his execution of this Stipulation of Settlement that relates to on-street parking at the Seventh Street Commercial Center and/or Lots 7N and 7S.

4. Without limiting the generality of the General Release stated in Paragraph 3 above, this Stipulation of Settlement is intended to and shall release Garden City in full from any and all claims or actions, known and unknown, that relate to on-street parking at the Seventh Street Commercial Center and/or Lots 7N and 7S under: (i) the Americans with Disabilities Act, as amended ("ADA") and Department of Justice Standards implementing Title II of the ADA; (ii) the New York State Human Rights Law, as amended; (iii) Section 504 of the 1973 Rehabilitation Act, as amended; and (iv) any other federal, state or local law and/or regulation concerning disabilities, equal opportunity, civil rights, discrimination and/or retaliation.

5. Kelly understands that he is releasing claims that he may not know about whether by mistake of law or fact. Nevertheless, Kelly is assuming that risk and Kelly agrees that this Stipulation of Settlement and Order of Dismissal, including its release provisions, shall remain effective in all respects in any such case. Kelly expressly waives all rights he might have under any law that is intended to protect Kelly from waiving unknown claims that arose prior to the date of the execution of this Stipulation of Settlement and Order of Dismissal.

6. Kelly understands and agrees that he may be waiving legal rights by signing this Stipulation of Settlement and Order of Dismissal and represents that he has entered into this Stipulation of Settlement and Order of Dismissal knowingly and voluntarily, with a full understanding of and in agreement with all of its terms. Kelly acknowledges that there have been no threats, coercion or duress leading to his execution of this Stipulation of Settlement and Order of Dismissal.

7. Kelly acknowledges that: (a) he has carefully read this Stipulation of Settlement and Order of Dismissal in its entirety; (b) he has had an opportunity to consider fully the terms of this Stipulation of Settlement and Order of Dismissal; (c) he fully understands the significance of all of the terms and conditions of this Stipulation of Settlement and Order of Dismissal; (d) he has discussed it with his independent legal counsel; (e) he has had answered to his satisfaction any questions asked with regard to the meaning and significance of any of the provisions of this Stipulation of Settlement and Order of Dismissal; (f) he voluntarily assents to all terms, conditions, and obligations contained herein; and (g) he is signing this Stipulation of Settlement and Order of Dismissal voluntarily and of his own free will and assent to all the terms and conditions contained herein.

8. The Parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

9. No Party shall be deemed the maker of this document.

10. This Stipulation of Settlement and Order of Dismissal states the full agreement between the parties and supersedes all prior negotiations and agreements. Any modifications to this agreement must be made in a writing signed by all the parties hereto.

11. Kelly acknowledges and represents that Garden City, its agents, representatives, or employees have not made any promise, representation, or warranty whatsoever, either expressed or implied, not contained herein, to induce Kelly and his attorney to execute this Stipulation of Settlement and Order of Dismissal. Kelly acknowledges and represents that he has not executed this Stipulation of Settlement and Order of Dismissal in reliance on any such promise, representation or warranty.

12. The Parties expressly acknowledge and agree that this Stipulation of Settlement and Order of Dismissal are entered into pursuant to a settlement which is the compromise of any disputed claims which the Parties may have; that any actions taken under this Stipulation of Settlement and Order of Dismissal are made solely to avoid any further expense and/or cost of litigation; that this Stipulation of Settlement and Order of Dismissal and the actions taken pursuant hereto are not to be construed as constituting any determination of the merits of any claims in this dispute and are not to be construed as constituting any admission of liability on the part of either Party; and that either Party expressly denies any such liability. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation of Settlement and Order of Dismissal shall not bind or collaterally estop Garden City in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

13. Each of the parties represents and warrants that the signatory executing this Stipulation of Settlement on its behalf has full authority to do so and to make the representations, warranties, and agreements contained herein.

14. The Parties agree that any delays in taking the actions set forth in Exhibit "1" annexed hereto caused by Acts of God, severe weather, or by acts of war or terrorism, or by third parties acting outside the control of Garden City, including but not limited to construction contractors, will not be deemed to violate the compliance dates herein as long as Garden City makes a good faith effort to effect implementation as soon as reasonably possible thereafter and provides written notice of the need for any extensions to Kelly and the Court prior to the completion dates set forth herein.

15. In the event Plaintiff alleges that Garden City failed to meet its obligations under this Stipulation of Settlement and Order of Dismissal, Plaintiff will notify Garden City in writing with sufficient detail of the claimed breach of obligation to permit Garden City a reasonable basis on which to evaluate the claimed breach. Within thirty (30) days of receipt of written notice, Garden City will provide a written response. The Parties will make a good faith effort to resolve the dispute informally. Plaintiff may seek relief for the enforcement of this Stipulation of Settlement and Order of Dismissal only from the Court in the Lawsuit, and only after permitting the lapse of sixty days (60) days after giving notice of the claimed breach.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation of Settlement and Order of Dismissal to be executed by their duly authorized attorneys.

**COVINGTON & BURLING LLP**

By: s/ Teresa Lewi

David A. Luttinger
Teresa Lewi
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
tlewi@cov.com
dluttinger@cov.com

*Attorneys for Plaintiff Gerard Kelly*

**SEYFARTH SHAW LLP**

By: s/ John W. Egan

John W. Egan
Paul H. Galligan
620 Eighth Ave
New York, NY 10018
(212) 218-5500
jegan@seyfarth.com
pgalligan@seyfarth.com

*Attorneys for Defendant Incorporated Village of Garden City*

Dated: Central Islip, New York

July 30, 2019

**SO ORDERED:**

/s/ JOANNA SEYBERT

HON. JOANNA SEYBERT
United States District Judge

The clerk of the Court is directed to mark this case CLOSED.

**EXHIBIT "1" TO STIPULATION OF**
**SETTLEMENT AND ORDER OF DISMISSAL**

| | The actions set forth below will be taken, to the maximum extent feasible, in compliance with the "2010 ADA Standards" set forth in 28 C.F.R. Part 36, Subpart D (2011) and 36 C.F.R. Part 1191, Appendices B and D (2009), the Proposed Accessibility Guidelines for Pedestrian Facilities in the Public Right-of-Way ("PROW") set forth in 76 Fed. Reg. 143, 44512 (July 26, 2011), and Chapter 11 of the New York State Building Code, as applicable. All actions to be undertaken are subject to construction and manufacturing tolerances provided in the applicable standards. | |
|---|---|---|
| **No.** | **Action** | **Timeframe** |
| | **Scoping of Accessible On-Street Parking** | |
| 1. | The Village will install a total of three (3) designated accessible parking spaces on Seventh Street between Franklin and Hilton Avenues (the "Seventh Street Site"), subject only to PROW guidance as set forth herein. | **90 days** |
| 2. | The designated accessible parking spaces at the Seventh Street Site will be installed at the following locations:<br>• One (1) accessible space on the south side of Seventh Street at the first available space at the intersection of Seventh Street and Franklin Avenue at the location designated "AS-1" in Attachment "A";<br>• One (1) accessible space on the north side of Seventh Street at the first available space at the intersection of Seventh Street and Franklin Avenue at the location designated "AS-2" in Attachment "A"; and<br>• One (1) accessible space on the south side of Seventh Street at the first available space at the intersection of Seventh Street and Hilton Avenue at the location designated "AS-3" in Attachment "A. | **90 days** |
| | **Accessible On-Street Parking Elements** | |
| 3. | The Village will designate each accessible space at the Seventh Street Site with blue striping and signage bearing the International Symbol of Access ("ISA"). | **90 days** |

| | | |
|---|---|---|
| 4. | The Village will ensure that the sidewalk immediately adjacent to each accessible space at the Seventh Street Site is clear of municipal garbage cans, bike racks, street furniture, or other fixed obstructions. | **90 days** |
| 5. | The Village will install a curb ramp immediately behind each accessible space at the Seventh Street Site based on PROW guidance set forth in Section R304. In addition, the Village will install blue striping on Seventh Street in the area immediately adjacent to each of these three (3) newly-installed curb ramps to discourage parking at these locations. | **90 days** |
| | **Scoping of Facility Parking at the 7 North and 7 South Locations** | |
| 6. | At the 7 North ("7N") and 7 South ("7S") parking lots located adjacent to Seventh Street and between Hilton and Franklin Avenues (collectively, "Seventh Street Facility Parking"), the Village will ensure that, for each parking lot: (a) the minimum number of accessible parking spaces is consistent with Table 208.2 of the 2010 ADA Standards; and (b) one of every six or fraction of six accessible parking spaces are designated van accessible spaces. | **8 months** |
| | **Accessible Elements at Seventh Street Facility Parking** | |
| 7. | The Village will ensure that each standard and van accessible parking space at the Seventh Street Facility Parking is: (1) at least 96 inches wide; and (2) provided with signage displaying the ISA installed at a clear height of between 60 inches and 84 inches above grade, pursuant to Section 1106.8 of the New York State Building Code. In addition, signage identifying van accessible parking spaces will have the designation, "van accessible," pursuant to Section 502.6 of the 2010 ADA Standards. | **8 months** |
| 8. | The Village will ensure that each standard and van accessible parking space at the Seventh Street Facility Parking has an adjoining, marked access aisle that is: (a) at least 96 inches wide, pursuant to Section 1106.1.1 of the New York State Building Code; and (b) provided with signage reading "NO PARKING ANYTIME," pursuant to Section 1106.8 of the New York State Building Code. | **8 months** |

| | | |
|---|---|---|
| 9. | The Village will ensure that standard and van accessible parking at the Seventh Street Facility Parking, as well as adjoining access aisles, do not have slopes that exceed 1:48. | **8 months** |

**ATTACHMENT "A"**

